# In the United States Court of Federal Claims

No. 18-1880C
(Filed: January 23, 2019)
(Re-filed: January 28, 2019)[1]
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*,<br><br>and<br><br>AMAZON WEB SERVICES, INC.,<br><br>*Intervenor*. | Bid protest; pre-award bid protest; 28 U.S.C. § 1491(b)(1) (2018); motion to complete, to supplement, and for limited discovery; complete administrative record; effective judicial review. |

* * * * * * * * * * * * * * * * * * * * * * * *

*Craig A. Holman*, Washington, DC, for plaintiff. *Kara L. Daniels*, *Dana E. Koffman*, *Amanda J. Sherwood*, and *Nathaniel E. Castellano*, of counsel.

*William P. Rayel*, Senior Trial Counsel, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Patricia M. McCarthy*, Assistant Director, for defendant. *Christina M. Austin* and *Andrew Bramnick*, Washington Headquarters Service & Pentagon Force Protection Agency, United States Department of Defense, Office of General Counsel, of counsel.

---

[1] This order was originally issued under seal. Counsel for AWS filed a notice on January 25, 2019, on behalf of the parties, stating that the parties do not propose any redactions. Therefore, this order is re-issued without redactions.

*Daniel R. Forman*, Washington, DC, for intervenor. *Olivia L. Lynch* and *Robert J. Sneckenberg*, of counsel.

ORDER

BRUGGINK, *Judge.*

On December 28, 2018, plaintiff, Oracle America, Inc. ("Oracle"), filed a motion to complete and supplement the administrative record ("AR") and for leave to conduct limited deposition and document discovery. The motion is fully briefed, and oral argument is deemed unnecessary. Because plaintiff has not demonstrated that the AR is incomplete, that it must be supplemented to allow for effective judicial review, or that grounds exist to permit discovery, we deny the motion.

On July 26, 2018, after making a single-award determination, the Department of Defense ("DoD") issued a request for proposals ("RFP"), seeking infrastructure as a service and platform as a service to provide DoD with an "'enterprise cloud services solution that can support unclassified, secret, and top secret information,'" known as the Joint Enterprise Defense Infrastructure ("JEDI") Cloud procurement. Def.'s Resp. 6 (quoting AR 5956). DoD anticipates awarding an indefinite-delivery, indefinite-quantity ("IDIQ") contract to a single, best value offeror with a potential ten-year performance period, a maximum contract limit of $10 billion, and a minimum guaranteed amount of $1 million. The solicitation is ongoing, and DoD has not announced the proposals moving forward after evaluation of the gate criteria.

Oracle filed a pre-award bid protest here on December 6, 2018, after an unsuccessful protest at the Government Accountability Office ("GAO"). Oracle's protest comes early in the evaluation period and presents three limited arguments. First, plaintiff contends that the agency's determination to issue a single-award IDIQ contract, rather than make multiple awards, violates the law and lacks a rational basis. Second, Oracle argues that three gate criteria exceed the agency's needs and unduly restrict competition. Third, plaintiff argues that the contracting officer ("CO") failed to properly investigate and address conflicts of interest regarding two former DoD employees, Anthony DeMartino and Deap Ubhi, during the CO's pre-solicitation evaluation of conflicts of interest. The present motion implicates the second and third issues.

Pursuant to the court's December 13, 2018 scheduling order, the government circulated a tentative AR index, and, after reviewing it, on December 28, Oracle filed the present motion to complete the record with materials it contends the agency had in front of it during the decision-making process, to supplement the record with material that was not considered, and for leave to conduct limited deposition and document discovery. The government filed the AR on January 10, 2019. The government and the intervenor, Amazon Web Services ("AWS"), responded on January 11, opposing the motion with one minor exception. Oracle replied in support of its motion on January 16.

Oracle seeks the inclusion of eight categories of existing documents that it alleges were available and considered by the agency but were omitted from the AR. One relates to the allegedly unduly restrictive gate criteria. As to that category, Oracle seeks to include the proposals submitted in response to the final RFP and the agency's evaluation of them. The remaining seven categories of presumably existing materials relate to Oracle's conflict of interest argument:

1. Documents related to the role of Mr. DeMartino, Mr. Ubhi, or Sally Donnelly in the preparation of the September 13, 2017 DoD "Accelerating Enterprise Cloud Adoption" Memorandum;
2. Documents related to the role of Mr. DeMartino, Mr. Ubhi, or Ms. Donnelly in the Secretary of Defense's visit to AWS in the summer of 2017;
3. Documents related to the Cloud Executive Steering Group and any other DoD meetings that Mr. DeMartino, Mr. Ubhi, or Ms. Donnelly attended related to the JEDI Cloud;
4. Documents in defendant's possession related to (i) communications between AWS and Mr. DeMartino, Mr. Ubhi, or Ms. Donnelly while they were employed or specially employed by DoD; (ii) communications involving Mr. DeMartino, Mr. Ubhi, or Ms. Donnelly about the JEDI Cloud; and (iii) communications involving Mr. DeMartino, Mr. Ubhi, or Ms. Donnelly about AWS;
5. The JEDI Cloud Google Drive or, at a minimum, the index of documents on the drive and metadata showing the author, name of the document, the version, date, and any other metadata;
6. Non-privileged Standard of Conduct Office documents or communications regarding the JEDI Cloud and participants in the procurement; and
7. Documents related to the JEDI Cloud that Mr. DeMartino, Mr. Ubhi,

or Ms. Donnelly created or accessed.

*See* Pl.'s Mot. to Suppl. 23–28.

Alternatively, plaintiff argues that the eight categories of documents listed above should supplement the record. Additionally, it seeks to supplement the record with public statements made by DoD representatives and Mr. Ubhi, included in Oracle's Exhibits A and B to its motion. Finally, Oracle requests that it be permitted to conduct limited deposition and document discovery of Mr. DeMartino and Mr. Ubhi to develop a more complete understanding of the conflict of interest allegations.

The government opposes Oracle's motion with respect to all but one document: Exhibit B to Oracle's motion, which is a publicly available document purportedly created by DoD which mentions the single-award strategy. The government included that document in the AR at Tab 92. That request is thus moot. Regarding the motion to complete the AR, the government contends that Oracle has not demonstrated that the categories of documents listed were considered by the agency when making decisions regarding the gate criteria or the conflicts of interest.

Furthermore, defendant contends that Oracle's motion reveals that its argument on the merits will amount to a request for a *de novo* review of the conflict of interest investigation, rather than seeking a determination of whether the CO's review, based on the existing record, had a rational basis. The government argues that the voluminous AR is sufficient to permit effective judicial review of that limited question. Finally, the government argues that Oracle has not presented any extra-record facts of bias on behalf of Mr. DeMartino or Mr. Ubhi sufficient to trigger discovery.

I.      Legal Standards

This court has jurisdiction over challenges brought by interested parties to actions taken by federal agencies in connection with procurements. 28 U.S.C. § 1491(b)(1) (2018). Our review is conducted pursuant to the standards set forth in the Administrative Procedure Act, 5 U.S.C. § 706 (2018). *Id.* § 1491(b)(4). Thus, the court's ultimate question when considering the merits is whether the agency acted arbitrarily or capriciously, abused its discretion, or conducted itself in a manner that is otherwise not in accordance with law. *See* 5 U.S.C. § 706. Even if a reasonable person might have reached a different conclusion, we will not set aside the agency's

determination unless the protestor can demonstrate that the agency lacked a rational basis or violated law or regulation. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332–33 (Fed. Cir. 2001) (citations omitted). If the court finds that the agency's decision-making process was not properly documented or was inadequate in some regard, the court generally will not substitute its views for that of the decision maker but rather will remand the matter back to the agency. *Id.* at 1338 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Our task, thus, is "'to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Florida Power & Light Co.*, 470 U.S. at 743–44) (emphasis omitted). Of course, "[a] complete administrative record is the predicate to meaningful and effective judicial review . . . ." *Joint Venture of Comint Sys. Corp. v. United States*, 100 Fed. Cl. 159, 168 (2011).

Requests to complete the AR and to supplement the AR are distinct. A complete AR includes "all the material that was developed and considered by the agency in making its decision." *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). It should "include the information relied upon by the relevant agency decision makers and their advisers in reaching the decisions being challenged, and the contemporaneously articulated reasons for these decisions." *E.W., Inc. v. United States*, 100 Fed. Cl. 53, 56 (2011). Therefore, if the agency omits information that "served as a basis for" the agency's decision, the material should be added to complete the record. *Linc Gov't Servs., LLC v. United States*, 95 Fed. Cl. 155, 158 (2010). In applying this test here, it is important to recognize the relatively limited scope of the protest, which is dictated by the fact that the procurement is still in process.

To prevail on a motion to supplement, plaintiff must demonstrate that "'the omission of extra-record evidence precludes effective judicial review.'" *Axiom Res. Mgmt., Inc.*, 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)). "Judicial review is 'effective' if it is consistent with the APA." *AgustaWestland N. Am. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (quoting *Axiom*, 564 F.3d at 1381). When granting a motion to supplement, the court must "explain why the evidence omitted from the record frustrated judicial review as to the ultimate question of whether the [agency's action] was arbitrary and capricious," and conclusory statements

5

of explanation are insufficient. *Id.* at 1332 (citing *Axiom*, 564 F.3d at 1379–80).

Regarding Oracle's request to depose two former government employees on the issue of conflict of interest, we begin with the rule that government officials are presumed to act in good faith. *Galen Med. Assocs. v. United States*, 369 F.3d 1324, 1330 (Fed. Cir. 2004) (citing *Am-Pro Protective Agency Inc. v. United States,* 281 F.3d 1234, 1239–40 (Fed. Cir. 2002)). To be granted leave to conduct limited discovery, the protestor must show a "likelihood that discovery would lead to evidence that would meet the clear and convincing standard" to overcome the presumption of regularity on the merits. *Starry Assocs., Inc. v. United States*, 125 Fed. Cl. 613, 623 (2015) (citing *Galen Med. Assocs.*, 369 F.3d at 1330; *L–3 Commc'ns Integrated Sys., L.P. v. United States*, 91 Fed. Cl. 347, 355 (2010)). The protestor must "make a threshold showing of 'motivation for the Government employees in question to have acted in bad faith or conduct that is hard to explain absent bad faith,' and [show] that 'discovery could lead to evidence which would provide the level of proof required to overcome the presumption of regularity.'" *Id.* at 622 (quoting *Beta Analytics Int'l v. United States*, 61 Fed. Cl. 223, 226 (2004)). The protestor must offer more than "innuendo or suspicion" to justify discovery. *Beta Analytics Int'l*, 61 Fed. Cl. at 226.

    II.    Motion to Complete or Supplement the Record with Offerors' Responses to the RFP

Oracle argues that the offerors' responses to the RFP must be included in the AR for the court to review whether the agency exceeded its needs and unduly restricted competition through three gate criteria. We disagree. Although responses to the RFP generally are considered core documents in a bid protest AR, Oracle filed this protest in the pre-award stage while the agency's evaluation of whether the proposals meet the gate criteria is ongoing. Oracle's protest presents a limited question and the AR is shaped by the confines of Oracle's protest. The offerors' responses were neither developed by the agency nor considered by the agency when drafting and issuing the gate criteria. The offerors' responses likewise are not part of the agency's explanation of the necessity of those gate criteria. The materials developed and considered by the agency on this issue are in the AR: the gate criteria and the agency's explanation for their inclusion in the solicitation. *E.g.*, AR Tabs 35, 42–43, 100, 105–06, 113, 130–31.

Second, the offerors' responses are not necessary to supplement the record to permit effective judicial review. Whether the agency imposed more limitations than were reasonable from a competitive perspective can be determined from the existing record without considering who responded and in what fashion. Oracle has not articulated a compelling reason to depart from reviewing the agency's reasoning as provided in the record. Thus, we deny Oracle's motion to complete or supplement the AR with the offerors' responses to the RFP.

> III. Motion to Complete or Supplement the Record Regarding the Conflict of Interest Issue and to Conduct Limited Discovery

The bulk of Oracle's motion to complete or supplement the AR, including its discovery request, is aimed at uncovering additional evidence that Mr. DeMartino and Mr. Ubhi had a conflict of interest that would affect the procurement.[2] Once the briefing on the existing protest is complete, however, our task on the merits will be to answer the narrow question of whether the agency reviewed the proper materials, asked the right questions, and articulated sufficient reasoning for its decision on the conflicts of interest.

Regarding completing the AR, we presently have in the AR, among other facts, Mr. DeMartino's and Mr. Ubhi's employment relationships with both DoD and AWS. We also will have access to the CO's conflict of interest analysis, as well as additional materials submitted to GAO regarding that conflict of interest analysis. *E.g.*, AR Tabs 33–34, 45–47, 50–51, 53, 64, 71, 75, 78, 86–88, 181–86. Oracle has not suggested that the government failed to include information that the CO developed or considered when making her no-impact determination. Instead, Oracle's briefing, particularly its reply, cites extensively to the AR to show that the CO's analysis was

---

[2] Plaintiff's motion, consistent with its complaint, argues that Mr. DeMartino and Mr. Ubhi had improper conflicts of interest during their time working on the JEDI Cloud procurement. Plaintiff's motion also requests documents regarding Ms. Donnelly's role in the procurement. Based on the conflict of interest arguments that Oracle advances in its complaint, the documents relating to Ms. Donnelly appear to be irrelevant. To the extent that plaintiff now argues that the CO did not properly consider Ms. Donnelly's potential conflict of interest regarding the procurement, we find that the record is sufficient to review the CO's decision regarding conflicts of interest impacting this procurement.

7

insufficient and that she should have, but did not, consider documents that are relevant and in the agency's possession. If her decision or the way she arrived at it was arbitrary, the remedy, presumably, will be to remand for further consideration. Thus, the AR and the briefing demonstrate that the documents Oracle seeks to include are not necessary to complete the record.

Likewise, none of the categories of documents submitted are necessary to supplement the AR. The AR as it exists allows the court to evaluate the CO's investigation into conflicts of interest. Regarding the publicly available documents included in Oracle's motion at Exhibits A and B, the government conceded that Exhibit B belongs in the AR and included it at Tab 92, mooting that issue. The court finds that Mr. Ubhi's public statements included in Exhibit A are unnecessary to facilitate effective judicial review because those statements duplicate information currently available in the AR regarding Mr. Ubhi's employment at AWS.

Finally, Oracle suggests that Mr. Ubhi went back to work for AWS with competitively sensitive information that now creates an organizational conflict of interest ("OCI") for AWS. That issue is not ripe, however. AWS has recently submitted a proposal in response to the RFP, and the CO currently is determining whether Mr. Ubhi's employment at AWS constitutes an OCI. Def.'s Resp. 4, 25–26, App. 2; AR Tab 70 at 5021.

Beyond the eight document categories, Oracle requests leave to conduct depositions and limited discovery of Mr. DeMartino and Mr. Ubhi. We find that plaintiff has not made the necessary threshold showing to permit discovery; the record is sufficient as it stands. The parties agree regarding the basic facts: both former DoD employees worked with or for AWS prior to their employment at DoD. Both former DoD employees had some role in the beginning stages of the JEDI Cloud procurement. Mr. Ubhi ultimately recused himself from the procurement due to AWS's interest in purchasing a business that he founded. The CO made a no-impact determination regarding their potential conflicts of interest. Although Oracle has highlighted the possibility that Mr. DeMartino and Mr. Ubhi could have been motivated to steer the solicitation in a direction that would benefit AWS, many of the facts that Oracle lists are included in the AR, thus requiring no discovery to include in the record. *See, e.g.*, Pl.'s Reply 23–30. Additionally, some of the "facts" are unsupported by any evidence, casting only suspicion on Mr. DeMartino and Mr. Ubhi. *See, e.g.*, Pl.'s Reply 24, 25.

This case is unlike *Starry*, which was cited extensively in the briefing

by the parties, in several respects.  Whereas the agency employee involved in *Starry* was "clearly the decision maker with regard to the cancellation of the solicitation and failure to follow GAO's direction," Mr. Ubhi and Mr. DeMartino do not appear to be the final decision makers or even members of a limited team regarding the acceleration of a single-award contract vehicle. 125 Fed. Cl. at 622.  Furthermore, there are a wealth of documents in the AR regarding who conducted the investigation and how the CO made the conflict of interest determination, as well as the content of that investigation. Whereas in *Starry*, the protestor demonstrated that the record was missing explanations or contained pretextual or contradictory explanations.  *Id.* at 622–24.  We have at least a facially sufficient access into the agency action here and are not faced with the likelihood of a fruitless review.

More apt is *Jacobs Tech. Inc. v. United States*, 100 Fed. Cl. 198, 207 (2011).  In that case, the "essence of [the protestor's] Motion to Compel Discovery from Jacobs and to Supplement the Administrative Record [was] to discover information from Jacobs to determine if there was a violation of the [Procurement Integrity Act, 41 U.S.C. §§ 2101–07 (2018) ("PIA")] or if there was an OCI."  Oracle's motion reflects the same goal: to determine if there is, in fact, a conflict of interest.  For instance, Oracle's request that the government include the entire contents of DoD's JEDI Cloud Google Drive would serve no other purpose other than to reveal, document by document, exactly what information the two former employees had access to during their DoD employment.  Deposing either former employee would be an attempt to elicit the former employees' own understanding of their role in the JEDI Cloud procurement and what communications they did or did not have with AWS.  Either of these examples might or might not have been appropriate for the CO to investigate, but as the court held in *Jacobs,* it is "the agency—not the Court or [the protestor]—[that] is charged with conducting the OCI analysis and a PIA investigation (if warranted)," and thus we will not usurp DoD's role.  *Id.* at 208.

We do not suggest that there are no circumstances under which the court would allow discovery in similar circumstances, but we are at an early stage in the procurement with at least one conflict determination ongoing and narrow questions ripe for our consideration.  Although we understand Oracle's concern that two former AWS employees had some level of involvement in the JEDI Cloud procurement, and it may be that the CO should have considered much more information than she did, the AR is sufficient to decide whether the CO considered the appropriate information to make her no-impact determination, or whether it was error not to do more.

CONCLUSION

In sum, government has included in the AR the documents that it developed and considered in making the decisions at issue, and plaintiff has not made a sufficient showing for this court to permit supplementation or limited discovery. Plaintiff's motion is denied.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Senior Judge